IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DALLAS BROWN,              )
                           )
      Plaintiff,       )  Civil No. 04-1363-JO
                           )
   v.                      )  <u>OPINION AND ORDER</u>
                           )
COMMISSIONER, SOCIAL SECURITY )
ADMINISTRATION,            )
                           )
      Defendant.       )

   Sharon D. Maynard
   SWANSON THOMAS & COON
   820 S.W. Second Avenue, Suite 200
   Portland, OR 97204

    Attorney for Plaintiff

   Neil J. Evans
   Assistant United States Attorney, District of Oregon
   UNITED STATES ATTORNEY'S OFFICE
   1000 S.W. Third Avenue, Suite 600
   Portland, OR 97204-2902

David M. Blume
Lucille G. Meis
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue
Suite 2900, M/S 901
Seattle, WA 98104-7075

JONES, Judge:

Plaintiff Dallas Brown seeks judicial review of a final decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-83f. Defendant, in turn, has moved to remand this case for further administrative proceedings (# 9).

This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Following a careful review of the record, I conclude that the case must be remanded for further proceedings under sentence four of 42 U.S.C. § 405(g), and therefore grant defendant's motion.[1]

## **ADMINISTRATIVE HISTORY**

Brown protectively filed his application for SSI on November 19, 2001, alleging disability as of November 1, 2001, due to neck and back pain, bipolar disorder and depression.[2]

---

[1] In Shalala v. Shaefer, the Supreme Court held that the fourth and sixth sentences of 42 U.S.C. § 405(g) set forth the "exclusive methods" for remanding a case to the Commissioner. 509 U.S. 292, 296 (1993) (citing Melkonyan v. Sullivan, 501 U.S. 89, 99-100 (1991)); *see also* Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002) (citing Shaefer, 509 U.S. at 296). A "sentence four" remand is a final judgment on the merits, so that the district court relinquishes jurisdiction over the case. *See* Forney v. Apfel, 524 U.S. 266, 269 (1998) (citations omitted) (holding that judgment following a "sentence four" remand is final and appealable); *and see* Akopyan, 296 F.3d at 854 (citing Shaefer, 509 U.S. at 297).

[2] Citations to the official transcript of record filed with the Commissioner's Answer (# 4) on January 27, 2005, are referred to throughout as "Tr."

2 - OPINION AND ORDER

Tr. 6, 62, 68.  The application was denied initially and on reconsideration.  Tr. 13, 21-22.  Brown requested a hearing, which was held before an Administrative Law Judge ("ALJ") on September 10, 2003.  Tr. 13.  Brown, who was represented by counsel, appeared and testified.  Id.  The ALJ held a supplemental hearing on March 31, 2004, and heard testimony from a vocational expert, as well as additional testimony from Brown, who was again represented by counsel.  Id.  On May 19, 2004, the ALJ issued a decision denying Brown's application, finding that he was not disabled as defined by the Social Security Act, and therefore was not eligible to receive SSI payments.  Tr. 10, 19.  The ALJ's decision became the final decision of the Commissioner on August 16, 2004, when the Appeals Council declined review.  Tr. 6-8; *see* 20 C.F.R. §§ 416.1481, 422.210.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *see also* Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993).  The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations.  Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989); Andrews, 53 F.3d at 1039-40.

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ employed a five-step "sequential evaluation" process in evaluating Brown's disability, as required. *See* 20 C.F.R. § 416.920. A claimant has the initial burden of proving a disability in steps one through four of the analysis. *See* Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Then, if a claimant establishes that he is unable to continue his past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful activity in jobs existing in significant numbers in the national economy. *See* id. (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989)); Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). The Commissioner may meet this burden with the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2. If the Commissioner demonstrates that there are a significant number of jobs that the claimant can perform, then the claimant is not disabled. Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 416.920(g)(1).

In this case, the ALJ first determined that Brown has not engaged in substantial gainful activity since the alleged onset of disability. Tr. 14, 19. Second, the ALJ found that Brown has severe impairments in the form of depressive disorder or bi-polar disorder, a personality disorder, degenerative disc disease, and carpal tunnel syndrome. Tr. 15, 19. Third, the ALJ determined that Brown's impairments did not meet or equal the requirements of any impairment in the Listing of Impairments, Appendix 1, Subpart P, Regulations Part 404. Tr. 15-16, 19. In determining the severity of Brown's impairments, the ALJ found that Brown's allegations concerning his limitations were not fully credible. Tr. 19.

Next, the ALJ determined that Brown retained the residual functional capacity to perform routine, repetitive work with no public contact, and that he would work best alone and not as part of a team. Tr. 18. Based on the medical evidence in the record, the ALJ found that Brown had the following limitations: he could lift ten pounds occasionally but should avoid frequent lifting; he could occasionally reach overhead or behind his back; he could occasionally climb, crouch, crawl and stoop; he could stand and/or walk for two hours in an eight-hour workday with no limitations on sitting; he should avoid vibrations. Id. The ALJ did not find that Brown had any limitations on fingering. Tr. 18. At the fourth step of the evaluation, based on the testimony of the vocational expert, the ALJ found that Brown was not able to perform any of his past relevant work as a mechanical assistant, cook, framer, siding installer, apartment maintenance worker, warehouse worker, or tire changer because these jobs were performed at medium to heavy exertion levels. Tr. 18-19; *see also* 20 C.F.R. § 416.967 (defining physical exertion levels).

Given the limitations outlined above by the ALJ, the vocational expert testified that there are 100,000 small products assembly jobs, 300,000 packing/filling machine operator jobs, and 100,000 injection molding machine operator jobs in the national economy, any of which someone with Brown's residual functional capacity could perform. Tr. 18. When questioned further by Brown's attorney about whether someone who could not do any kind of frequent lifting would be able to sustain competitive employment at these jobs, the vocational expert replied that the jobs he had identified would require more than occasional lifting to be performed competitively, and that given the rest of the hypothetical posed by the ALJ, there would be no jobs that someone with all of those limitations could perform. Tr. 413, 415.

Nevertheless, at the fifth and final step of the analysis, relying on the vocational expert's testimony, the ALJ determined that Brown had the capacity to successfully adjust to work at a number of jobs existing in significant quantities in the national economy. Tr. 18-19; *see also* 20 C.F.R. § 416.920(g). Consequentially, the ALJ concluded that Brown was not disabled as defined by the Social Security Act and denied his application for benefits. Tr. 19.

## STATEMENT OF FACTS

The parties are familiar with the medical and other evidence of record. Given that the parties agree that the case must be reversed and remanded, and dispute only the issue of whether the remand should be for further administrative proceedings or for payment of benefits, I will not restate the facts here. (*See* Pl's. Opening Br. (# 7) at 4; *and see* Def.'s Mem. in Supp. of Remand (# 10) at 2.)

## DISCUSSION

The Commissioner concedes that the ALJ erred in evaluating the vocational expert's testimony, and in his finding at step five of the disability analysis. (Def.s' Mem. in Supp. of Remand at 7.) The ALJ found that Brown's medical condition required him to avoid frequent lifting, Tr. 18, but the vocational expert testified that the jobs he had identified required "more than occasional lifting to be performed competitively." Tr. 415. Therefore, the ALJ erred when he concluded that Brown had the capacity to successfully adjust to work as a small products assembler, a packing/filling machine operator, or an injection molding machine operator, because someone who could not lift frequently could not perform those jobs.

The Commissioner also concedes that the jobs identified by the vocational expert were "light work" jobs, which required a person to be able to stand and/or walk for six hours per day.

(Def.s' Mem. in Supp. of Remand at 7 (citing SSR 83-10, *available at* 1983 WL 31251)).) Because the ALJ properly found that Brown could only stand and/or walk for two hours per eight-hour workday, Brown's residual functional capacity did not meet the standing and walking requirements of the identified jobs. (Id. at 7-8.) Accordingly, the ALJ erred at step five of the sequential analysis when he concluded that Brown was not disabled because he had the residual functional capacity to successfully adjust to the identified jobs, which exist in significant numbers in the national economy.

The parties agree that these errors require a remand, but disagree as to the appropriate remedy. The Commissioner urges this court to remand for further proceedings, contending that there are unresolved issues and that the record does not clearly compel a finding of disability. Plaintiff, in turn, argues that further proceedings would serve no useful purpose, and are unnecessary because the record is fully developed so that the case must be remanded for an immediate award of benefits.

The Ninth Circuit has articulated standards by which this court is to decide whether to remand for further proceedings, or to simply remand for an award of benefits. If enhancement of the record would be useful, a remand for further proceedings is appropriate. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). If, however, the record has been fully developed and further administrative proceedings would serve no useful purpose, the court should remand for an immediate award of benefits. Id. More specifically, the court should credit evidence that was rejected improperly during the administrative process and remand for an immediate award of benefits if:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a

7 - OPINION AND ORDER

> determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Id. (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)).  In the end, however, it is within this court's discretion whether to remand for further proceedings or for an immediate award of benefits.  *See* 42 U.S.C. § 405(g); id. at 590.

Plaintiff contends that, in addition to the errors conceded by the Commissioner above, the ALJ improperly dismissed portions of the opinion of examining physician Tatsuro Ogisu, M.D., regarding several of Brown's "manipulative limitations."  *See* Tr. 326.  In the Medical Source Statement Form which Dr. Ogisu completed on January 9, 2004, he checked the boxes indicating that Brown was "limited" (as opposed to "unlimited") in the following manipulative functions:  reaching all directions (including overhead), handling (gross manipulation), fingering (fine manipulation), and feeling (skin receptors).  Id.  Given the options of checking "occasionally," "frequently," or "constantly," to indicate how often Brown could engage in the manipulative functions listed above, Dr. Ogisu checked "occasionally" as to all of the functions, and added that Brown had "difficulty reaching overhead and behind."  Id.  In the small space on the form provided for stating the medical/clinical findings in support of the foregoing conclusions, Dr. Ogisu made the following notations:  "Carpal tunnel syndrome, bilateral, resolving.  S/P [status post] carpal tunnel release, left.  Probable ulnar neuropathy, left."  Id.

Plaintiff assigns error to the ALJ's statement that, "neither setting of fingering limits are justified based on the entire record," Tr. 18, and contends that the ALJ's conclusion did not give "specific and legitimate reasons" supported by substantial evidence before dismissing the fingering limitations noted by Dr. Ogisu.  (Pl's. Opening Br. at 6-7.)  However, elsewhere in the opinion, the ALJ found that "nerve conduction studies performed in August 2002 revealed . . .

mild to moderate bilateral carpal tunnel syndrome," Tr. 14, and that limitations on reaching, handling, feeling and fingering "were secondary to the claimant's carpal tunnel which was noted to be resolving." Id. (citing Exhibit 19F, Dr. Ogisu's report).

Plaintiff asserts that if credited as true in their entirety, Dr. Ogisu's conclusions compel a finding of disability. I disagree. The record shows that the ALJ considered Dr. Ogisu's opinions and rationally interpreted Dr. Ogisu's note that the underlying medical condition upon which his conclusions were based was "resolving" to mean that Brown would not be expected to continue to suffer from manipulative limitations to the degree indicated. There are specific and legitimate reasons, based on evidence in the record, to support the ALJ's decision to discount the fingering limitation. Even if portions of Dr. Ogisu's opinion were improperly omitted, this court will not apply the "credit as true" rule to the rejected manipulative limitations. See Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003); Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003). Defendant has requested that a new hearing be held to update the record, and I find that enhancement of the record would be useful, particularly with respect to the issue of whether Brown's underlying carpal tunnel syndrome has indeed resolved as expected, or if his limitations have worsened. The record also shows that Brown's limitations with respect to lifting and carrying varied during the relevant review period from November 2001, to May 2004, and were influenced by Brown's carpal tunnel syndrome. See Tr. 18, 129 & 324. Accordingly, a remand for further proceedings is appropriate. See Benecke, 379 F.3d at 593; *see also*, Edlund v. Massanari, 253 F.3d 1152, 1160 (9th Cir. 2001) (remanding case for further proceedings to re-evaluate medical evidence).

In addition, it is unclear whether someone with plaintiff's residual functional capacity could perform jobs classified as "sedentary" instead of the jobs originally identified by the vocational expert, which were classified as "light." *See* 20 C.F.R. § 416.967(a)-(b). Because the ALJ did not elicit testimony from the vocational expert regarding this issue, supplemental vocational expert testimony is needed to determine whether plaintiff has the residual functional capacity to make an adjustment to other work. Thus, I conclude that a remand for an immediate award of benefits is not appropriate because outstanding issues remain to be resolved and it is not clear from the record that the ALJ would be required to find that plaintiff is disabled. Consequently, in the exercise of my discretion, I grant defendant's motion (# 9) and remand this action to the Commissioner for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four).

## **CONCLUSION**

Based on the foregoing, defendant's motion to remand (# 9) is GRANTED. The decision of the Commissioner denying benefits is REVERSED and REMANDED for further proceedings consistent with this opinion. As a condition of remand, defendant shall pay plaintiff's reasonable attorney fees and costs incurred on or before August 18, 2005, the filing date of defendant's motion to remand.

DATED this 15th day of November, 2005.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge